# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CORDARIO DEBOSE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 2:21-cv-2091-JPM-tmp |
| ) | Cr. No. 2:09-cr-20408-JPM-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DIRECTING CLERK TO MODIFY DOCKET, DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion," ECF No. 1[1]) filed by Movant Cordario Debose, Bureau of Prisons ("BOP") register number 23306-076, an inmate presently housed at the Federal Correctional Institution Medium in Forrest City, Arkansas;[2] the Response of the United States in Opposition to Defendant's § 2255 Motion (ECF No. 5); and the Reply of the Defendant to the United States's Opposition (ECF No. 6). The § 2255 Motion is untimely, without merit, and **DENIED**.

---

[1] All ECF references are to the civil docket unless otherwise specified.
[2] The Clerk is **DIRECTED** to modify the docket to update Debose's address to the medium security Federal Correctional Institution in Forrest City, Arkansas. *See* Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (accessed Apr. 20, 2022).

I.  **BACKGROUND**

On September 30, 2009, a federal grand jury returned an indictment charging Debose with two counts of aiding and abetting robbery affecting interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. §§ 1951 & 2 (Counts 2 and 3); and one count of knowing use and carry of a firearm during and in relation to a crime of violence, specifically "Robbery Affecting Commerce," in violation of 18 U.S.C. §§ 924(c) & 2 (Count 4). (Cr. No. 09-20408, ECF No. 1 at PageID 2–4.) On August 9, 2010, Debose pled guilty to Counts 2, 3, and 4, pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C). (Cr. No. 09-20408, ECF No. 53.) Debose waived his right to appeal the sentence imposed by the Court. (*Id.* at PageID 75.) On November 10, 2010, Debose was sentenced to 46 months imprisonment each on Counts 2 and 3, to be served concurrently with each other, and to 84 months imprisonment on Count 4, to run consecutively to the sentences for Counts 2 and 3, for a total term of 130 months imprisonment. (Cr. No. 09-20408, ECF No. 65 at PageID 111.) The sentences were to be followed by a total term of three years on supervised release. (*Id.* at PageID 112.) Debose did not appeal.

Debose has filed a motion for compassionate release (*see* Cr. No. 09-20408, ECF Nos. 68 and 74) and a motion to request that his state and federal sentence be served concurrently (*see* Cr. No. 09-20408, ECF No. 69), which are pending before the Court.

II.  **THE § 2255 MOTION**

On February 8, 2021, Debose filed the instant § 2255 Motion, alleging that he is entitled to relief on his § 924(c) conviction based on *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF

No. 1.)  He requests that the § 924(c) conviction be vacated and his sentence of 46 months[3] be reduced to time served.  (*Id.*)

As to the timeliness of Debose's § 2255 Motion, he asserts that *Davis* applies retroactively to cases on collateral review and should be used to calculate the limitations period for the filing of his § 2255 Motion.  (*Id*. at PageID 3–4.)  Debose contends that he is entitled to equitable tolling because he was in the custody of the Tennessee Department of Corrections when *Davis* was decided and had no knowledge of the case.  (*Id.* at PageID 4–6.)  Debose asserts that the protocol of the Federal District Court is to send a notice about such cases to incarcerated defendants through the federal public defender's office.  (*Id.* at PageID 4.)  However, in his case, the federal public defender's office would not have been able to send a notice to the state institution where he was incarcerated.  (*Id.*)  Debose asserts that this lack of notice resulted in his failure to timely file his § 2255 Motion.  (*Id.*)

### III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that

---

[3] Debose states incorrectly that his § 924(c) conviction carries a 46-month sentence, when it carries an 84-month sentence.

3

was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

## IV.     ANALYSIS

Respondent asserts that Debose's § 2255 Motion is untimely and without merit. (*See* ECF No. 5 at PageID 26–31.)

### A.     Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) ("AEDPA") amended 28 U.S.C. §§ 2244(b) & 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction is final. Because this Motion was filed after April 24, 1996, the AEDPA is applicable. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). Because Debose did not file a direct appeal, the judgment became final fourteen days after it was entered—on November 24, 2010. *See* Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Debose had one year, until November 24, 2011, to file a § 2255 Motion. However, because Debose relies on *Davis* as a newly recognized constitutional rule retroactively applicable on collateral review, § 2255(f)(3) applies.[4] Debose had one year from the *Davis* decision on June 24, 2019, until June 24, 2020, to file his § 2255 Motion. Debose's § 2255 Motion was not filed until 2021, making it untimely.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The § 2255 limitations period is subject to equitable tolling. *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing

---

[4] The Sixth Circuit has held that *Welch v. United States*, 578 U.S. 120 (2016) establishes the retroactivity of *Davis*. *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (per curiam); *see also Harris v. United States*, 18 F.4th 863, 868 (6th Cir. 2021) ("[G]iven the similarities between the statutory language at issue in *Johnson* and in *Davis*, we have held that *Davis* applies retroactively.").

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Debose asserts that he is entitled to equitable tolling because he:

- did not have any legal training to understand legal procedure or changing federal laws;
- did not have any knowledge about the cases nor the impact of the outcome of the cases on his conviction and sentence;
- would not have known to ask the federal public defender about these cases;
- would not have known to conduct research in the law library; and
- would not have known to pursue any due diligence to preserve his right to file a § 2255 motion.

(ECF No. 1 at PageID 5.) Debose presents, as an extraordinary circumstance, the fact that he was in state custody without instruction from an attorney or the court to research annually for relevant law. (*Id.* at PageID 6.) He asserts that it is "an injustice when a Defendant qualifies under a change of law to a lower sentence" and cannot have access to that relief. (*Id.*) Debose's equitable tolling argument hinges on whether he was given adequate notice about the change in the law. (ECF No. 6 at PageID 35.) He asserts that under *Nassiri v. Mackie*, 967 F.3d 544 (6th Cir. 2020), he is entitled to a hearing to determine whether equitable tolling is warranted. (*Id.*)

Respondent argues that Debose has not satisfied his burden of demonstrating an entitlement to equitable tolling. (ECF No. 5 at PageID 28–29.) Respondent asserts that Debose's ignorance of the law and lack of access to the law library do not warrant equitable tolling. (*Id.* at PageID 28.) Respondent contends that Debose has no right to legal representation on collateral review and that his arguments about the federal public defender providing notice about *Davis* are not viable. (*Id.*) Respondent asserts that the federal public defender had no obligation to inform

6

Debose about *Davis*. (*Id.*)  Further, Respondent asserts that Debose has not alleged actual innocence as a basis for equitable tolling. (*Id.* at PageID 30.)

In *Nassiri*, the district court *sua sponte* dismissed the petition, filed by independently retained habeas counsel, as untimely. 967 F.3d at 548. The Sixth Circuit found that the record left open the possibility that Nassiri could show both diligence and extraordinary circumstances if the case were remanded. *Id*. at 545, 549. The court remanded the case because the petitioner could present evidence of attorney misconduct that rose to the level of active abandonment under *Maples v. Thomas*, 565 U.S. 266 (2012), which would constitute an extraordinary circumstance. *Nassiri*, 967 F.3d at 549.

Debose's case does not present a similar factual scenario. Debose relies on his ignorance of the law and legal procedures and his lack of access to the law library while incarcerated in state prison to justify his late filing. A petitioner's ignorance of the law is insufficient to warrant equitable tolling. *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). A petitioner's *pro se* status and "alleged inability to understand the law and research his case does not warrant equitable tolling." *Galloway v. Horton*, No. 18-2248, 2019 WL 1953305, at *2 (6th Cir. Jan. 25, 2019).

Debose's ignorance of the law and lack of counsel do not excuse his late filing. He has not demonstrated diligence in pursuing his rights or extraordinary circumstances that warrant equitable tolling. His petition is time-barred.

**B.     Merits**

Although Debose's Motion is untimely, the Court will also address the merits of the Motion.  Debose argues that the Hobbs Act statute defines multiple offenses and that the modified categorical approach must be applied to determine whether the predicate offense establishes a crime of violence under 18 U.S.C. § 924(c).  (ECF No. 1 at PageID 8.)  Respondent asserts that, because the predicate offense at issue is a crime of violence, *Davis* does not provide relief for Debose.  (ECF No. 5 at PageID 31.)

Eighteen U.S.C. § 924(c)(1) provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm," shall, in addition to the punishment imposed for that crime of violence, receive a consecutive sentence of not less than five years.  18 U.S.C. §§ 924(c)(1)(A), (D).  Section 924(c)(3) defines "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another (the "use-of-force" or "elements" clause), or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").

18 U.S.C. § 924(c)(3)(A)–(B).

On June 24, 2019, the Supreme Court held that the residual clause at 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  The Court relied on its holding in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause in 18 U.S.C. § 16.  *Davis*, 139 S. Ct. at 2336.

*Davis* applies to Debose's claim only if he can show that his convictions arose under the residual clause. The Court first looks to whether aiding and abetting Hobbs Act robbery, the predicate offense for Debose's § 924(c) conviction, is a crime of violence. Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . ." 18 U.S.C. § 1951(b)(1). As defined, Hobbs Act robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)." *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017); *see also United States v. Holmes*, 797 F. App'x 912 (6th Cir. 2019) (reaffirming *Gooch*'s holding that Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause following the Supreme Court's decision in *Davis*); *United States v. Henderson*, 798 F. App'x 468, 469 (11th Cir. 2020) (holding that although *Davis* invalidated the residual clause in § 924(c)(3)(b), the predicate offense of Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A)). Further, the Sixth Circuit has held that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the elements clause. *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020). Because aiding and abetting Hobbs Act robbery, the predicate offense for Debose's § 924(c) conviction, is categorically a crime of violence under the elements clause, Debose is not entitled to relief under *Davis*.

## V.     CONCLUSION

Debose's § 2255 Motion is **DENIED** as untimely and without merit.

## VI.     APPELLATE ISSUES

A certificate of appealability is **DENIED** because Movant has not made a substantial showing of a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

To the extent Movant may apply to proceed on appeal *in forma pauperis*, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in "good faith" and, therefore, **DENIES** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED, this 21st day of April, 2022.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE